

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

| | |
|---|---|
| PERFECT 10, INC., <br> Plaintiff, <br> v. <br> CCBill, LLC, et al., <br> Defendants. | NO. CV 02-7624 LGB (SHx) <br><br> ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO LIFT STAY |

## I. INTRODUCTION

Plaintiff Perfect 10, Inc. ("Plaintiff") brings this action against sellers of Internet pornography. Plaintiff alleges that Defendants have infringed the intellectual property rights of Plaintiff by the misappropriation and sale of copyrighted images owned by Plaintiff. Compl. ¶ 2.

By the instant motion, Plaintiff moves to lift the stay that was imposed pursuant to the Court's January 23, 2003 Order compelling arbitration between Plaintiff and Defendant Paycom and staying the instant action.

For the reasons set forth below, the Court GRANTS Plaintiff's motion and hereby LIFTS the stay on the instant




action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a publisher of the adult entertainment magazine, Perfect 10, and the owner and operator of the "perfect10.com" website. Compl. ¶ 24. Defendants fall into three categories: "Billing Company Defendants," "AVS Defendants" and "Content Website Defendants."[1] The Billing Company Defendants include CCBill, LLC; Internet Billing Company ("iBill"); and Paycom Billing Services, Inc. ("Paycom").

Plaintiff asserts that all Defendants are in the business of selling pornography on the Internet. Compl. ¶ 1. It alleges that the Billing Company Defendants directly sell access to adult content on adult entertainment websites owned by others ("Content Websites") and provide critical business services to these websites. Id. AVS Defendants provide critical marketing, networking, and other operational services for Content websites. Id. Content Website Defendants are owners of Content Websites and directly maintain the content on these websites. Id. Plaintiff alleges that Defendants are engaged in the ongoing deception of

---

[1] AVS stands for Adult Verification Service. Compl. ¶ 36. An AVS is a site in which the proprietor verifies that the consumer is an adult. Id. Once so verified, the consumer can view the content of a number of other websites that are administered by third-parties. Id.

2

consumers and the willful and systematic infringement of the intellectual property rights of Plaintiff, third-party publishers, film owners and celebrities. Id. ¶ 2.

Plaintiff filed this action on September 30, 2002 against twelve Defendants. It alleges nine causes of action: (1) copyright infringement; (2) trademark infringement; (3) trademark disparagement; (4) wrongful use of a registered mark; (5) violation of a right of publicity; (6) unfair competition; (7) false and misleading advertising; (8) RICO (investment of proceeds); and (9) RICO (participation in criminal enterprise).

On December 9, 2003, Defendant Paycom filed a motion to compel arbitration and stay litigation pursuant to a binding arbitration clause between Paycom and Plaintiff. Paycom also moved to sever Plaintiff's claims against it from the claims against the other Defendants pursuant to Federal Rule of Civil Procedure 21. On January 23, 2003, this Court issued an Order Granting Defendant Paycom's Motion to Compel Arbitration and Striking Defendant Paycom's Motion to Sever (the "Jan. 23 Order"). The Order also imposed a stay on the entire case pending the resolution of the arbitration. Jan. 23 Order at 28:18-21.

Plaintiff dismissed Paycom from the instant action without prejudice on February 4, 2003, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Plaintiff also withdrew the pending arbitration without prejudice on March 14, 2003. The two parties tolled the statute of limitations for all claims between them for 36 months. Declaration of Sean Morris in Support of Plaintiff's

Renewed Motion to Lift Stay, Ex. A. On March 24, 2003, Plaintiff filed a motion to lift the stay. This Court denied Plaintiff's motion on April 14, 2003 for failure to comply with the meet and confer requirements of Local Rule 7-3.

On June 9, 2003, Plaintiff filed a renewed motion to lift the stay. Defendant Internet Key filed an Opposition to Plaintiff's Motion to Lift Stay on June 16, 2003 and Defendants Internet Billing Company and CCBill filed a late Opposition on June 26, 2003.[2] Plaintiff filed Replies to Defendants' Oppositions on June 23, 2003 and July 1, 2003.

**III. MOTION TO LIFT STAY**

A. Legal Standard

A court may stay litigation pending the resolution of arbitration of any issue referable to arbitration proceedings. 9 U.S.C. § 3. A trial court's inherent power to control its own docket and calendar includes the discretionary power to grant or lift a stay on litigation pending the resolution of arbitration proceedings. See Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).

A motion to compel arbitration and stay proceedings is not considered the equivalent of an answer or motion for summary judgment. Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1535 (9th Cir. 1987). Therefore, a party may dismiss a

---

[2] The Court deems iBill's and CCBill's late opposition to be timely.

4

defendant without leave of the court following an order compelling arbitration. Id.

Plaintiff may voluntarily dismiss a defendant that has not filed an answer or moved for summary judgment without a court order. Fed. R. Civ. P. Rule 41(a)(1). A notice of dismissal acts as an automatic termination and leaves the parties as though no action had been brought. Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999). A court has no discretion to condition a notice of dismissal under Rule 41(a)(1) as being "with" or "without" prejudice. Id. at 1078.

B. Analysis

Plaintiff argues that its voluntary dismissal of all litigation and arbitration proceedings against Paycom necessitates the vacation of the stay on the instant action. Pl.'s Renewed Motion to Lift Stay at 6:7-9. Defendants maintain that Plaintiff must dismiss all claims against Paycom with prejudice to avoid manipulation of the Court's Jan. 23 Order. Opp'n by Defs. iBill & CCBill at 5:23-28.

A denial of Plaintiff's motion to lift the stay would require Plaintiff either to refile claims against Paycom in order to complete arbitration or to revise the notice of dismissal to indicate a dismissal with prejudice. Pl.'s Reply to Opp'n by Defs. iBill & CCBill at 1:14-19. The stay of the instant action pending arbitration was imposed to serve judicial economy. Jan. 23 Order at 28:18-21. The Court does not find that requiring a

5

party to refile claims against a dismissed party increases judicial economy.

Paycom's motion to compel arbitration is not considered an answer or motion for summary judgment for purposes of allowing a notice of dismissal. Hamilton, 813 F.2d at 1535. Therefore, Plaintiff has the "absolute right" to dismiss Paycom without leave of the court. See Commercial Space, 193 F.3d at 1077. While an order denying a vacation of the stay would not be a direct order to change the terms of the notice of dismissal, it would leave Plaintiff with no other available option. See Pl.'s Reply to Opp'n by Defs. iBill & CCBill at 4:3-6. The Court lacks any discretionary power to condition Plaintiff's notice of dismissal at Defendants' request. Commercial Space, 193 F.3d at 1074.

A notice of dismissal under Rule 41(a)(1) is an automatic termination such that this Court loses jurisdiction over the dismissed claims and cannot rule on the merits within them. See Commercial Space, 193 F.3d at 1077. Therefore, the Court is unable to affect the terms of the notice of dismissal based on mere arguments of increased judicial economy. See Opp'n by Defs. iBill & CCBill at 3:22-24. Plaintiff and Paycom have voluntarily agreed to a dismissal without prejudice and the Court sees no grounds to take the unusual step of interfering with their decision.

The Court is not persuaded that this case is "almost identical" to the facts of Paul Revere Variable Annuity Insurance Company v. Zang, 248 F.3d 1 (1st Cir. 2001). Opp'n by Defs. iBill

6

& CCBill at 5:5-8. The court in Paul Revere ordered the plaintiff to enter into arbitration proceedings against all related defendants even though only one had standing to compel arbitration. 248 F.3d at 4-5. It then refused to excuse the plaintiff from mandatory arbitration proceedings against the five other defendants after the plaintiff dismissed this one defendant with whom they had an arbitration agreement. Id. The remaining Defendants in the instant action were not included in the mandatory arbitration proceedings, but any litigation against them was stayed. Jan. 23 Order at 28:5-7. Therefore, Plaintiff would not only be prevented from proceeding against these remaining Defendants in its chosen forum, but would be prevented from proceeding in any judicial forum at all.

While an attempt to "game the system" should not be condoned, the Court considers the inability of Plaintiff to pursue the merits of its claims against the remaining defendants as more worrisome. See Paul Revere, 248 F.3d at 8 (finding insufficient injustice to overturn a court order when plaintiffs retained a right to pursue their claims against the remaining defendants in arbitration).

IV. CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's motion and hereby LIFTS the stay on the instant action.

7

IT IS SO ORDERED.

Dated: July 11, 2003

LOURDES G. BAIRD
United States District Judge

8