RONALD L. JOHNSTON (State Bar No. 57418)
SEAN MORRIS (State Bar No. 200368)
ARNOLD & PORTER
1900 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Telephone: (310) 552-2500
Facsimile: (310) 552-1191

JEFFREY N. MAUSNER (State Bar No. 122385)
VALERIE E. KINCAID (State Bar No. 123728)
BERMAN, MAUSNER & RESSER
11601 Wilshire Boulevard, Suite 600
Los Angeles, California 90025-1742
Telephone: (310) 473-3333
Facsimile: (310) 473-8303

DANIEL J. COOPER (State Bar No. 198460)
General Counsel for PERFECT 10, INC

RANDALL B. LEWIS (State Bar No. 210444)
Associate General Counsel for PERFECT 10, INC

Attorneys for Plaintiff PERFECT 10, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CCBILL, LLC at al., <br><br> Defendants. | Case No.: 02-7624 LGB (SHx) <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, plaintiff Perfect 10, Inc. ("Plaintiff"), defendants CCBill, LLC ("CCBill"), Internet Billing Company ("iBill"), NetPass Systems, Inc. ("Freenetpass"), Internet Key, Inc. ("SexKey"), Network Authentication Systems Corporation ("AdultKey"), IMA Enterprises, Inc. ("Massivepass"), Cavecreek Wholesale Internet Exchange ("CWIE"), and Clarence Coogan, (collectively, "the parties") believe that certain information that is or may be sought by discovery requests or subpoenas in this action or otherwise produced constitutes trade secrets or other confidential research, development, financial or commercial information within the meaning of Fed. R. Civ. P. 26(c); and

WHEREAS, the parties believe that it would facilitate discovery to produce such information under a protective order pursuant to Fed R. Civ. P. 26(c);

Therefore, IT IS HEREBY STIPULATED that:

1. As used herein, "Confidential Information" refers to information that a party or non-party witness claims to be its trade secret or confidential research, or development, financial, or commercial information, including but not limited to information within the meaning of Fed. R. Civ. P. 26(c). In determining the scope of information that a party may designate as its Confidential Information, each party acknowledges the importance of client access to all information material to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Information and responses to requests to permit further disclosure of Confidential Information shall be made in good faith and (1) not to impose burden or delay on an opposing party, or (2) not for tactical or other advantage in litigation.

Information that may be designated under this Protective Order as Confidential Information shall include:

    a.    information voluntarily furnished or set forth in response to Fed. R. Civ. P. 26(a) disclosures or discovery requests made under Fed. R. Civ. P. 31,

33, 34, or 36 provided that, prior to disclosure to the receiving party, the information or responses are either plainly marked or otherwise identified by the producing party on at least the caption page with a legend bearing the word "CONFIDENTIAL," or notice in writing is given by the producing party identifying, by Bates number, the pages that are designated "CONFIDENTIAL";

b. information set forth in documents made available for inspection by the producing party voluntarily or under Fed. R. Civ. P. 33(d) or 34 and which are identified at the time of inspection as comprising Confidential Information;

c. information set forth in any copies of documents produced to the discovering party voluntarily or under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery of the copies to the receiving party, the copies are either marked by the producing party (preferably at the lower center of each page), with a legend containing the word "CONFIDENTIAL" and an identifying document control number prefixed with one or more letters identifying the producing party, or notice in writing is given by the producing party identifying, by Bates number, the pages that are designated "CONFIDENTIAL."

d. information revealed by inspection of things or premises voluntarily or under Fed. R. Civ. P. 34, provided that, prior to the inspection, the party permitting inspection states in writing that its Confidential Information will be disclosed by the inspection and specifies in writing those parts of the things or those areas of the premises in which its Confidential Information will be revealed;

e. information revealed during depositions upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information revealed during any particular deposition

3

shall cease to be Confidential Information ten (10) days after the deposition transcript becomes available, unless before the ten (10) day period has expired, the witness, his employer, or his counsel designates in writing or on the record that Confidential Information of the witness or his employer is set forth in the transcript and identifies the portions of the transcript that set forth that Confidential Information. In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as its Confidential Information within ten (10) days after the deposition transcript becomes available;

 f. any summary, digest, analysis or comment on any information identified in categories a - e.

 2. Confidential Information shall be disclosed only to (a) the Court under seal, (b) the parties' respective outside counsel (including support staff as reasonably necessary), (c) outside stenographic court reporters and language translators (including support staff as reasonably necessary), and (d) the additional individuals listed in items (i) through (viii) below, provided each has signed an Undertaking in the form attached as Exhibit A, which shall be served on opposing counsel who will then have 5 business days to object to the disclosure in writing, and if, having so objected, the Undertaking is not withdrawn, opposing will shall have 5 additional days to seek a protective order from the Court to prevent such disclosure if necessary:

 (i) in-house attorneys (including support staff as reasonably necessary) of each party who are responsible for and/or working directly in the prosecution or defense of this action;

 (ii) up to five corporate representatives of each side (officers, directors, or employees of the parties who have been charged by their respective corporations with the responsibility in making business decisions dealing directly with the litigation of this action);

 (iii) outside experts and outside consultants retained in this action;

  (iv) a deponent or other witness who authored, received, saw, or was or is in a position within the company that would have permitted him or her to have access to, a document or thing marked "CONFIDENTIAL" or who is otherwise familiar with the Confidential Information;

  (v) representatives of the parties' respective insurers who have agreed to provide coverage with respect to the defense of claims in this action;

  (vi) paralegals, stenographic, clerical employees, and translators associated with the individual enumerated in (d)(i) - (vi) above, but only as part of a disclosure to said individuals in accordance with this stipulation and order; and,

  (vii) such other individuals as the parties may stipulate.

By identifying individuals pursuant to the procedures described above in §2, the parties do not otherwise waive any attorney work product or other privilege. Furthermore, the parties' in-house counsel and Dr. Norman Zadeh are exempt from the notice procedures required in paragraph 2. Parties are considered to have already received notice regarding in-house counsel and Dr. Zadeh and they may review "confidential" documents immediately.

  3. Any of the parties may designate (or may have already designated) especially sensitive Confidential Information as being produced for ATTORNEYS EYES ONLY. This designation shall be made as sparingly as possible. Where the marking or designation of documents, testimony, pleadings, or things is required under paragraph 1 above, a legend bearing the words "ATTORNEYS EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word "CONFIDENTIAL." Confidential Information which is designated ATTORNEYS EYES ONLY may be disclosed to any of the individuals identified in paragraph 2 above except as follows: (i) the number of in-house attorneys for each party under paragraph 2(d)(i) above shall be limited to two (2); (ii) the number of corporate or insurer representatives of each party under paragraphs 2(d)(ii) and (vi) above shall be

5

1 limited to none (0); (iii) the number of in-house technical personnel of each party under paragraph 2(d)(iii) shall be limited to none.

3     4.    Confidential Information shall be revealed by the receiving party only to the persons permitted access to it pursuant to paragraphs 2-4 above, and shall not be disclosed by the receiving party to persons other than those specified in paragraphs 2-4. Confidential Information shall be used by the receiving party solely for the purposes of litigation.

    5.    If a document containing Confidential Information is permitted to be filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule or summary of the contents of the envelope, and the following notation:

                          Contains CONFIDENTIAL INFORMATION;
                                    Filed Under Seal

or with such other designation as is ordered by the Court or as required by the Clerk of the Court.

    6.    Should need arise during the trial or any hearing before the Court for any party to cause Confidential Information to be disclosed, it may do so only after notice of its intent to do so to the opposing party in sufficient time for appropriate safeguards to be sought.

    7.    This Stipulation and Protective Order shall not prevent either party from moving this Court for an order that Confidential Information is not, in fact, confidential or that the designation of ATTORNEYS EYES ONLY is inappropriate, provided that, 3 days prior to making such a motion, the moving party shall request, in writing, that the designation be removed. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Information in question is protectable under Fed. R. Civ. P. 26(c) or on some other basis, or, as the case may be, that the designation of ATTORNEYS EYES ONLY is necessary under the circumstances. Such a motion regarding material produced being during phase I

discovery may be sought from the Court on an expedited basis. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and failure to do so shall not preclude subsequent challenge.

8. This Stipulation and Protective Order is without prejudice to the right of either party to move this Court for an Order further restricting or expanding disclosure or use of any Confidential Information.

9. Nothing in this Stipulation and Protective Order shall preclude a party from disclosing or using, in any manner or for any purpose, any information which either was lawfully in its possession prior to being designated Confidential Information in this litigation or, subject to the provisions of paragraph 1(f) above, was obtained from a third party having the apparent right to disclose such information.

10. Nothing in this Stipulation and Protective Order shall require production of information which a party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. Nothing in this paragraph is intended to be at variance with existing law regarding the inadvertent disclosure of privileged materials.

11. In the event of any accidental or inadvertent disclosure of Confidential Information other than in a manner authorized by this Stipulation and Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Confidential Information from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Information in any form.

12. The recipient of any Confidential Information shall maintain such information in a secure and safe place and exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Stipulation and Protective Order.

13. This Stipulation and Protective Order is valid throughout the course of this litigation (defined to include all proceedings herein, appeals and/or remands) and shall survive the termination of this litigation.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

14. The terms of this Stipulation and Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

| | |
|---|---|
| FOX & SPILLANE LLP<br><br>By: _____<br>Jay Spillane<br>Attorneys for Defendants CCBILL LLC, and Cavecreek Wholesale Internet Exchange | Perfect 10 Inc.<br><br>By: *Jeffrey N. Mausner* (signature)<br>Randall Lewis<br>Jeffrey N. Mausner<br>Attorneys for Plaintiff,<br>PERFECT 10, INC. |
| BUCHALTER NEMER FIELDS & YOUNGER<br><br>By: _____<br>Mitchell N. Reinis<br>Susan McDermott Mercer<br>Attorneys for Defendant Clarance Coogan | IRELL & MANELLA<br><br>By: _____<br>Bruce A. Wessel<br>Attorneys for Defendant Internet Key Inc. |
| PITNEY HARDIN KIPP & SZUCH<br><br>By: _____<br>Dennis T. Kearney<br>Helen A. Nau<br>Attorneys for Defendant Internet Key, Inc. | COOLEY GODWARD LLP<br><br>By: _____<br>Brandon Baum<br>Attorneys for Defendant Internet Billing Company |

## ORDER

IT IS SO ORDERED.

DATED: 2/23/04

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

12. The recipient of any Confidential Information shall maintain such information in a secure and safe place and exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Stipulation and Protective Order.

13. This Stipulation and Protective Order is valid throughout the course of this litigation (defined to include all proceedings herein, appeals and/or remands) and shall survive the termination of this litigation.

14. The terms of this Stipulation and Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

Dated: December 23, 2003

Perfect 10 Inc.

By: _____
Randall Lewis
Attorneys for Plaintiff,
PERFECT 10, INC.

Dated: December ___, 2003

FOX & SPILLANE LLP

By: _____
Jay Spillane
Attorneys for Defendants CCBILL LLC, and Cavecreek Wholesale Internet Exchange

Dated: December ___, 2003

CHESTNUT & CAMBRONNE

By: _____

8

*Withdrew as counsel pursuant to Court Order dated January 8, 2004.*

Cort C. Holten
Attorneys for Defendant NetPass Systems, Inc. ~~(crossed out)~~

Dated: December ___, 2003

IRELL & MANELLA

By: _____
Bruce A. Wessel
Attorneys for Defendant Internet Key Inc.

Dated: December ___, 2003

**COOLEY GODWARD LLP**

By: _____
Brandon Baum
Attorneys for Defendant Internet Billing Company

Dated: December ___, 2003

**PITNEY HARDIN KIPP & SZUCH**

By: _____
Dennis T. Kearney
Attorneys for Defendant Internet Key, Inc.

Dated: December ___, 2003

**BUCHALTER NEMER FIELDS & YOUNGER**

By: _____
Mitchell N. Reinis
Attorneys for Defendant Clarance Coogan

ORDER

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES MAGISTRATE JUDGE

9

12. The recipient of any Confidential Information shall maintain such information in a secure and safe place and exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Stipulation and Protective Order.

13. This Stipulation and Protective Order is valid throughout the course of this litigation (defined to include all proceedings herein, appeals and/or remands) and shall survive the termination of this litigation.

14. The terms of this Stipulation and Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

Dated: December ___, 2003

Perfect 10 Inc.

By: _____
Randall Lewis
Attorneys for Plaintiff,
PERFECT 10, INC.

Dated: December ___, 2003

FOX & SPILLANE LLP

By: _____
Jay Spillane
Attorneys for Defendants CCBILL
LLC, and Cavecreek Wholesale
Internet Exchange

Dated: December ___, 2003

**CHESTNUT & CAMBRONNE**

By: _____

8

| | |
|---|---|
| 1 | |
| 2 | Cort C. Holten |
| | Attorneys for Defendant NetPass |
| | Systems, Inc. |
| 3 Dated: ~~December~~ February 19, 2004 ~~, 2003~~ | |
| 4 | IRELL & MANELLA |
| 5 | By: *Bruce Wessel* |
| 6 | Bruce A. Wessel |
| | Attorneys for Defendant Internet |
| 7 | Key Inc. |
| 8 Dated: December ___, 2003 | **COOLEY GODWARD LLP** |
| 9 | |
| 10 | By: _____ |
| | Brandon Baum |
| 11 | Attorneys for Defendant Internet |
| | Billing Company |
| 12 | |
| 13 Dated: December ___, 2003 | **PITNEY HARDIN KIPP & SZUCH** |
| 14 | By: _____ |
| 15 | Dennis T. Kearney |
| | Attorneys for Defendant Internet |
| 16 | Key, Inc. |
| 17 | **BUCHALTER NEMER FIELDS &** |
| 18 Dated: December ___, 2003 | **YOUNGER** |
| 19 | By: _____ |
| | Mitchell N. Reinis |
| 20 | Attorneys for Defendant Clarance |
| 21 | Coogan |
| 22 | ORDER |
| 23 | |
| 24 IT IS SO ORDERED. | |
| 25 DATED: _____ | _____ |
| | UNITED STATES MAGISTRATE JUDGE |
| 26 | |
| 27 | |
| 28 | |

9

|   |   |
|---|---|
|   | Cort C. Holten<br>Attorneys for Defendant NetPass Systems, Inc. |
| Dated: December ___, 2003 | **IRELL & MANELLA**<br><br>By: _____<br>Bruce A. Wessel<br>Attorneys for Defendant Internet Key Inc. |
| Dated: December 22, 2003 | **COOLEY GODWARD LLP**<br><br>By: /s/ Brandon Baum<br>Brandon Baum<br>Attorneys for Defendant Internet Billing Company |
| Dated: December ___, 2003 | **PITNEY HARDIN KIPP & SZUCH**<br><br>By: _____<br>Dennis T. Kearney<br>Attorneys for Defendant Internet Key, Inc. |
| Dated: December ___, 2003 | **BUCHALTER NEMER FIELDS & YOUNGER**<br><br>By: _____<br>Mitchell N. Reinis<br>Attorneys for Defendant Clarance Coogan |

## ORDER

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES MAGISTRATE JUDGE

9

|  |  |
|---|---|
|  | Cort C. Holten<br>Attorneys for Defendant NetPass Systems, Inc. |
| Dated: December ___, 2003 | IRELL & MANELLA<br><br>By: _____<br>Bruce A. Wessel<br>Attorneys for Defendant Internet Key Inc. |
| Dated: December ___, 2003 | COOLEY GODWARD LLP<br><br>By: _____<br>Brandon Baum<br>Attorneys for Defendant Internet Billing Company |
| Dated: December ___, 2003 | **PITNEY HARDIN KIPP & SZUCH**<br><br>By: _/s/_ _____<br>~~Dennis T. Kearney~~ Helen A. Nau<br>Attorneys for Defendant Internet Key, Inc. |
| Dated: December ___, 2003 | **BUCHALTER NEMER FIELDS & YOUNGER**<br><br>By: _____<br>Mitchell N. Reinis<br>Attorneys for Defendant Clarance Coogan |

ORDER

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES MAGISTRATE JUDGE

9

```
                                        Cort C. Holten
1                                       Attorneys for Defendant NetPass
2                                       Systems, Inc.

3                                       IRELL & MANELLA
    Dated: December ___, 2003
4
                                        By: _____
5                                           Bruce A. Wessel
6                                           Attorneys for Defendant Internet
                                            Key Inc.
7
8                                       COOLEY GODWARD LLP
    Dated: December ___, 2003
9
                                        By: _____
10                                          Brandon Baum
                                            Attorneys for Defendant Internet
11                                          Billing Company
12
                                        PITNEY HARDIN KIPP & SZUCH
13  Dated: December ___, 2003

14                                      By: _____
                                            Dennis T. Kearney
15                                          Attorneys for Defendant Internet
16                                          Key, Inc.

17  Dated: January 6, 2004              BUCHALTER NEMER FIELDS &
           ~~December ___, 2003~~       YOUNGER
18
19                                      By: _____
                                            Mitchell N. Reinis  Susan McDermott Mercer
20                                          Attorneys for Defendant Clarance
21                                          Coogan
22
                                        ORDER
23
24  IT IS SO ORDERED.

25  DATED: _____              _____
26                                      UNITED STATES MAGISTRATE JUDGE
27
28
```

9

SCANNED

# **EXHIBIT A**

I, _____, state that:

1. My residence is _____

_____.

My current employer is _____.

My business address is _____.

My business telephone is _____.

My current occupation is _____.

    2. Over the past four years, I have been employed by the following companies, either directly or as a consultant:

    3. A copy of my current curriculum vitae or equivalent is attached hereto.

    2. I have received a copy of the Protective Order in this action. I carefully have read and understand the provisions of the Stipulation and Protective Order.

    3. I will comply with all of the provisions of the Stipulation and Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Stipulation and Protective Order any Confidential Information that is disclosed to me.

    4. For outside experts and consultants: Promptly upon termination of this action, I will return all Confidential Information that came into my possession, and all documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained. I agree that I will not consult with any online billing or services company during the pendency of this litigation for any purpose related to the Confidential Information that I have reviewed.

    5. I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Stipulation and Protective Order.

_____
(Signature)

10

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and am not a party to the within action; my business address is: 11601 Wilshire Boulevard, Suite 600 Los Angeles, CA 90025-1742.

On February 19, 2004, I served the foregoing document(s) described as follows:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED**

**MAIL:** I placed such envelope with fully prepaid postage thereon in the United States mail at Los Angeles, California.

**FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on **February 19, 2004**, at Los Angeles, California

BY: _/s/ Mary Trinh_
Mary Trinh

BERMAN, MAUSNER & RESSER
A LAW CORPORATION

**SERVICE LIST**
Perfect 10, Inc. v. CCBill, LLC, et. al.
Case No. CV 02-7624 LGB (Shx)

**Counsel for Defendant**
**CCBill/CWIE**

John P. Flynn, Esq.
Frank R. Mead, Esq.
Tiffany & Bosco, P.A.
Third Floor Esplanade Two
2525 East Camelback Road
Phoenix, AZ 85016
Fax No. (602) 255-0103

**Counsel for Defendant**
**Internet Billing Company, LLC**

Brandon D. Baum, Esq.
Cooley Godward, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Fax No. (560) 857-0663

**Counsel for Defendant**
**Clarence Coogan**

Susan McDermott Mercer, Esq.
Buchalter, Nemer, Fields & Younger
601 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-5704
Fax No. (213) 896-0400

**Co-Counsel for Defendants**
**CCBill and CWIE**

Jay M. Spillane, Esq.
Fox & Spillane, LLP
1880 Century Park East, Suite 1004
Los Angeles, CA 90067
Fax No. (310) 229-9380

**Counsel for Defendant**
**Internet Key, Inc.**

Dennis T. Kearney, Esq.
Jonathan S. Bristol, Esq.
Pitney, Hardin, Kipp & Szuch, LLP
Park Avenue at Morris Count
PO Box 1945
Morristown, NJ 07962-1945

Bruce A. Wessel, Esq.
Irell & Manella
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Fax No. (310) 203-7199

**Network Authentication System**

Mr. Laurence E. Sullivan
209 Bloomfield Avenue
Bloomfield, NJ 07003

BERMAN, MAUSNER & RESSLER
A LAW CORPORATION

-2-