

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

NOV - 9 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S DISTRICT COURT

NOV - 9 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority        ✗
Send            ✗
Enter           ✗
Closed
JS-5/JS-6       ✗
JS-2/JS-3   _____
Scan Only   _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Perfect 10, Inc<br><br>        Plaintiff,<br><br>   v.<br><br>CWIE, LLC et al.<br><br>        Defendant. | CV 02-7624 LGB (SHx)<br><br>Order GRANTING Plaintiff's Motion for Order to Dismiss under FRCP Rule 41 |

__ Docketed
__ Copies / NTC Sent
__ JS - 5 / JS - 6
__ JS - 2 / JS - 3
__ CLSD

## I.   INTRODUCTION

Plaintiff Perfect 10, Inc. ("Perfect 10") brought this action against Cavecreek Whole Sale Internet Exchange ("CWIE") and CCBill, LLC (CCBill) on September 30, 2002.  On June 22, 2004 this Court granted in part and denied in part the parties' motions for summary judgment.  Perfect 10's remaining claims are for violations of federal trademark law, state trademark law, and the right to publicity under California law.  Perfect 10 now

1

271

DOCKETED ON CM

NOV 1 0 2004

BY _____ 004

1 | moves for an order to dismiss the claims against these defendants
2 | pursuant to Federal Rules of civil Procedure, Rule 41(a)(2).
3 |     Pursuant to Federal Rule of Civil Procedure 78 and Local
4 | Rule 7-15, the Court **VACATES** the November 15, 2004 hearing
5 | noticed for the above motion and will decide the motion on the
6 | basis of the papers submitted.  Therefore, **the parties are not to**
7 | **appear before the Court on November 15, 2004 at 10:00 A.M.**
8 | **II.  FACTUAL AND PROCEDURAL BACKGROUND**
9 |
10 |     A.  FACTUAL BACKGROUND
11 |     These facts are taken from the Court's Summary Judgment
12 | Order dated June 22, 2004.
13 |     Perfect 10 is the publisher of the adult entertainment
14 | magazine Perfect 10 and the owner of the website perfect10.com.
15 | Perfect 10 has created approximately 5,000 photographic images
16 | for display in its magazine and on its website.  Perfect 10 holds
17 | registered copyrights for these images.  In addition, Perfect 10
18 | has several registered trademark/service marks.  Finally, Perfect
19 | 10 is the assignee of the rights of publicity of many models.
20 |     Defendants in this action are CWIE and CC Bill.  CWIE is a
21 | provider of web-hosting and related internet connectivity.  As a
22 | provider of internet access, website hosting, and other internet
23 | related services, CWIE offers its clients and their customers and
24 | users the means to acquire and disseminate public, private,
25 | commercial, and non-commercial information.  CWIE's clients are
26 | the creators and/or owners of the content they seek to present to
27 | consumers via their website.
28 |

2

1    The second Defendant is CCBIll.  CCBill's clients are the

2  creators and/or owners of the content they seek to present to

3  consumers via the internet.  CCBill provides a fully automated

4  Internet service that enables consumers to use credit cards or

5  checks to pay for subscriptions or membership to e-commerce

6  venues created and offered by CCBill's clients.  CCBill does not

7  own or operate any site for which a subscription or membership is

8  required.  As part of its services to its clients CCBill provides

9  an automated on-line accounting mechanism that clients may use to

10  verify statistical and financial activities processed for them

11  through CCBill's on-line internet automated transaction

12  processing system.

13

14    B.   PROCEDURAL BACKGROUND

15    Perfect 10 filed its Complaint on September 30, 2002.  The

16  Complaint alleges nine causes of action including copyright

17  infringement, trademark infringement, and violations of the right

18  to privacy.  On October 16, 2003 the Court ordered bifurcation of

19  discovery in this case.  Phase I discovery focused on the parties

20  copyright claims and that phase closed on January 16, 2003.  The

21  parties then filed summary judgment motions.  The Court granted

22  summary judgment on Perfect 10's copyright claims.  The remaining

23  claims are for federal and state trademark violations and a for

24  violation of the right to publicity under California law.  Phase

25  II discovery, which included discovery on the non-copyright

26  claims, ends on November 12, 2004.

27    On September 30, 2004 Perfect 10 brought this Motion to

28

3

1 Dismiss pursuant to Federal Rules of Civil Procedure, Rule

2 41(a)(2) requesting dismissal of its remaining claims without

3 prejudice.  (Motion at 1.)  If the Court is not willing to grant

4 this motion, Perfect 10 will accept the dismissal without

5 prejudice with the condition that Perfect 10 will not pursue the

6 remaining claims unless its copyright appeal is successful.  Id.

7 at 5-6.  Finally, as a last resort, Perfect 10 will accept a

8 dismissal with prejudice.  Id.  The Defendants oppose a dismissal

9 without prejudice but agree to a dismissal with prejudice.

10 (Opposition at 4.)

11

12 **III. LEGAL STANDARD**

13      Rule 41(a)(2) of the Federal Rules of Civil Procedure

14 provides that except when a dismissal is granted by a signed

15 stipulation of the parties or before an appropriate responsive

16 pleading is filed, an action shall not be dismissed at the

17 plaintiff's insistence save upon order of the court and upon such

18 terms and conditions as the court deems proper.  Fed. R. Civ. P.

19 41(a)(2).  Whether to allow a voluntary dismissal rests in the

20 court's discretion.  Hamilton v. Firestone Tire & Rubber Co., 679

21 F.2d 143, 145 (9th Cir. 1982).  The primary purpose of requiring

22 a court order for such a dismissal is to prevent voluntary

23 dismissals which unfairly affect the defendant and to permit the

24 imposition of curative conditions.  Firestone, 679 F.2d at 143;

25 Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st

26 Cir. 1961).  A district court should grant a motion for voluntary

27 dismissal under Rule 41(a)(2) unless a defendant can show that it

28

4

1   will suffer some plain legal prejudice as a result.   <u>Smith v.</u>

2   <u>Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001).

3         The mere prospect of a second lawsuit is not sufficient

4   legal prejudice to stop a voluntary dismissal.   <u>Firestone</u>, 679

5   F.2d at 145.   Rather, legal prejudice requires "prejudice to some

6   legal interest, some legal claim, [or] some legal argument."

7   <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 97 (9th Cir.

8   1996).   While the Court can impose curative conditions on a

9   voluntary dismissal, a plaintiff is entitled to withdraw its

10  motion if it does not accept the court's terms of dismissal.

11
    <u>Beard v. Sheet Metal Workers Union, Local 150</u>, 908 F.2d 474, 476
12
    (9th Cir. 2004); <u>Lau v. Glendora Unified School District</u>, 792
13
14  F.2d 929, 930-31 (9th Cir. 1986).

15  **IV.   ANALYSIS**

16        A.   <u>Dismissal Without Prejudice</u>

17        Rule 41(a)(2) provides that, unless otherwise specified in

18  the order, a dismissal under this paragraph is without prejudice.

19  Fed. Rule. Civ. P. 41(a)(2).   Based on this Rule the Court will

20  grant the dismissal without prejudice unless this would impose

21  legal prejudice on the defendants.   In its opposition to this

22  motion the Defendants list four reasons for not granting the

23  dismissal without prejudice: (1) efforts and expense in preparing

24  for trial; (2) the late timing of Perfect 10's Motion to Dismiss;

25  (3) Perfect 10's reasons for seeking to dismiss lack substance;

26  and (4) the length of this case.   (Opposition at 6-8).   The Ninth
27
28  Circuit has found that the late filing of a motion and expenses

1  of litigation are not legal prejudice.  <u>Westlands Water Dist</u>, 100

2  F.3d at 97.  This Court finds that the other reasons given by the

3  Defendants, Perfect 10's reasons for the dismissal and the length

4  of this case, do not show prejudice to a legal interest, a legal

5  argument, or a legal claim.  <u>See id</u>.  Since no legal prejudice

6  will result to the Defendants, the Court **GRANTS** the dismissal

7  without prejudice.

8      B.  Costs and Conditions

9      The Court has the discretion to impose curative conditions

10 on a dismissal without prejudice.  <u>Id.</u>  The Defendants urge the

11 Court to impose conditions that (1) exceptional circumstances

12 exist for an award of attorneys fees under the Lanham Act; (2)

13 the Defendants are prevailing parties on the California right to

14 publicity claim; (3) an award for attorneys fees and costs is

15 warranted under Rule 41; and (4) the plaintiffs should show cause

16 as to why the instant Motion to Withdraw does not violate Rule

17 11.  (Opposition at 9.)  The Defendants do not provide authority

18 as to why these conditions are appropriate.  <u>See id</u>.

19 

20     Most of these conditions are not valid.  First, the Lanham

21 Act provides that in exceptional cases the court may award

22 reasonable attorney fees to the prevailing party.  15 U.S.C. §

23 1117(a).  If a party has raised colorable legal and factual

24 claims then the record supports a finding that no exceptional

25 circumstances exist.  <u>Boney v. Boney</u>, 127 F.3d 821, 827 (9th Cir.

26 1997).  Since Perfect 10 raised complex copyright and trademark

27 issues in this suit exceptional circumstances do not exist to

28 warrant attorney fees under the Lanham Act.  The defendants also

6

1   request that the Court establish that the defendants prevailed on

2   the right to publicity claim.  (Opposition at 9.)  The Court will

3   not impose this condition because no party has prevailed on this

4   outstanding claim.  Additionally, the defendants request the

5   Court issue an order to show cause as to why Perfect 10's motion

6   to dismiss does not violate Rule 11.  Id.  This Motion is made

7   pursuant to Federal Rule of Civil Procedure Rule 41 and is a

8   proper motion before this Court.  For these reasons, the Court

9   does not impose these conditions on dismissal.

10      The only valid concern raised by the Defendants is whether

11   their interests should be protected by conditioning the dismissal

12   upon the payment of appropriate costs and attorney fees.  See

13   Westlands Water Dist, 100 F.3d at 97.  Although courts often find

14   that an attorneys' fees awards are necessary to prevent prejudice

15   to defendants such an award is not a mandatory condition for

16   dismissing without prejudice.  Stevedoring Servs., 889 F.2d at

17   921 (attorney's fees not required).  If attorneys' fees are

18   awarded the amount should only cover attorneys' fees for work

19   that cannot be used in future litigation.  Westlands Water Dist,

20   100 F.3d at 97.

21      The Court finds that dismissing this case without attorneys'

22   fees will not prejudice the Defendants for several reasons.

23   First, the plaintiffs brought their claims in good faith given

24   the similarity of the Plaintiff's images to the Defendant's

25   images.  See Stevedoring Servs., 889 F.2d at 922 (stating that

26   the Ninth Circuit had not determined whether good faith is a

27   consideration in deciding whether to impose costs and attorneys

28

1  fees).  Next, Perfect 10 presented a close question of prevailing
2  law on its copyright claims and decided to dismiss shortly after
3  this Court granted Summary Judgment on that claim.  See id.
4  (relying on similar reasoning for denying attorney's fees).
5  Perfect 10 also brings this Motion to Dismiss with the intent of
6  conserving legal fees and judicial resources by focusing on its
7  appeal and trying the dismissed claims in conjunction with the
8  related copyright claims in the event that an appeal of the
9  Court's copyright claims is granted.  (Motion at 4-6.)
10  Additionally, the Court would not reimburse legal fees that will
11  be useful in continuing litigation and some of the legal fees
12  incurred may be useful in defending Perfect 10's appeal.  See
13  McLaughlin v. Chesire, 676 F.2d 855 (D.C. Cir. 1982); see also
14  Westlands Water Dist, 100 F.3d at 97.  Finally, Perfect 10
15  accepts the condition that if its appeal is not successful then
16  the Court prohibits it from reinstating the dismissed claims
17  against the Defendant.  This condition ensures that the
18  Defendants are not subject to the costs of this suit again unless
19  it is in conjunction with costs of the intertwined copyright
20  claims.  See Clombrito v. Kelly, 764 F.2d 122, 133 (2nd Cir.
21  1985) (purpose of attorneys fee award to reimburse defendant for
22  costs that could be duplicated in another suit).  Given these
23  considerations, the Court will not award attorneys fees in this
24  action.

**V.   CONCLUSION**

        For the reasons stated in this Order, the Motion for an
Order to Dismiss against CWIE and CCBill **WITHOUT PREJUDICE** is

1  GRANTED.   No attorneys fees are awarded.   The Court imposes the

2  CONDITION on this dismissal that the plaintiff is **not to**

3  **reinstate these claims** against the Defendants **unless it succeeds**

4  **on its appeal of its copyright claims.**

5  IT IS SO ORDERED.

6

7  Dated:  *November 8, 2004*

8

9  _____
                    LOURDES G. BAIRD
                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9